IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMAR RAY STEELE, JR.,

    Plaintiff,

    v.                                      CASE NO. 23-3192-JWL

RONALD L. DAVIS, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (*See* Memorandum and Order to Show Cause, Doc. 8) ("MOSC"). Before the Court for screening is Plaintiff's Amended Complaint (Doc. 13) filed in response to the MOSC.

**1. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 28 U.S.C. § 1331 and *Bivens*[1] based on conditions while housed at the United States Penitentiary in Leavenworth, Kansas ("USPL"). Plaintiff is a pretrial detainee and proceeds *in forma pauperis*.

Plaintiff describes the nature of his case as follows: "While being housed at USPL, I have been denied medical treatment deliberately not inadvertently. I have been forced to live under rules and conditions designed for convicted inmates. I have been denied due process to legal materials and available resources . . .. For invoking the administrative remedy process I've been retaliated against as a punishment." (Doc. 13, at 2.)

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1

Plaintiff brings three (3) counts in his Amended Complaint. The first he titles, "Cruel and Unusual Punishment for Medical Negligence." (Doc. 13, at 5.) Plaintiff alleges that he arrived at USPL in the custody of the United States Marshal Service on April 6, 2023. He was assessed by NPN Brooke Crane, who verified that he was a chronic care patient through Bureau of Prisons ("BOP") records. She discontinued Plaintiff's medication for high blood pressure, anxiety, and "vital body organs." *Id.* at 11. Plaintiff alleges that she took this action without conducting any tests or documenting his blood pressure. Since the medication was discontinued, Plaintiff asserts that nothing had been done to address his medical issues "until complaints outside the facility got filed." *Id*. However, Plaintiff also states that he saw Medical Director Clark in May of 2023, and Dr. Clark increased his dose of anxiety medicine. *Id*. at 13. Plaintiff says that he explained to Dr. Clark what happened with Crane and that he had been having headaches and chest pain. Clark prescribed two of the four discontinued medications. *Id*. He did not order labs or check Plaintiff's blood pressure, according to Plaintiff. *Id*.

Count II of the Amended Complaint is titled, "Racial Discrimination and Retaliation from Counselor Toot and (fnu) Gulley." *Id*. at 5. Plaintiff states that around the last week of May, 2023, Counselor Toot had him sign for certified mail that included photographs. Toot questioned why Plaintiff was receiving photos of white women. According to Plaintiff, from then on, Toot and Gulley began refusing him his "electronic discovery", removed his child's mother from his visitation list without justification, and began telling random people who called the facility who Plaintiff was visiting and when. (Doc. 13-1, at 18.) He also claims he was denied access to the law library materials; denied access to a typewriter, printer, or BOP forms; and was required to write on regular paper. *Id.* Plaintiff further states that Gulley called him a bitch, and Toot explained to him that white women are forbidden to black men. *Id*.

Count III of the Amended Complaint is titled, "Due Process Violation as a pretrial detainee." (Doc. 13, at 5.) Plaintiff names Warden Hudson and Case Manager Lamont as the defendants to this count. *Id*. at 6. Plaintiff complains that pretrial detainees are treated worse than sentenced prisoners at USPL. He alleges that detainees are locked down a minimum of 20 hours a day and have no access to legal materials except outdated Lexis Nexis from 2021, to Microsoft Word or printers, or to the courts through staff, counselors, or unit teams. *Id*. at 12. Plaintiff asserts he is limited to 300-500 minutes a month to communicate with his family, and he gets only one to two hours a week outdoors. He alleges that he has been denied the opportunity to prepare a defense to his criminal charges on several occasions and has had to abandon his desire to represent himself. *Id*. Plaintiff further claims that his legal mail arrives opened and that outgoing mail gets removed from the mail. He states that Hudson does not respond to grievances, and Lamont refuses to allow African American inmates to review materials being used against them in their criminal cases. *Id*.

Plaintiff asserts that Michael Naller, BOP Regional Director, is responsible for the actions of Hudson and failed to respond to Plaintiff's grievances. He also names Ronald Miller, head of the U.S. Marshal Service in Kansas, as failing to take any action on his complaints. (Doc. 13-1, at 3.)

Plaintiff names the following defendants: Ronald Miller, U.S. Marshal Service; D. Hudson, Warden, USPL; Michael Naller, North Central FBOP Regional Director; (FNU) Gulley, Counselor, USPL; (FNU) Toot, Case Manager, USPL; Brooke Crane, NPN, USPL; Jason Clark, Medical Director, USPL; and (FNU) Lamont, Case Manager. Plaintiff seeks the removal of all pretrial detainees from USPL, to have his prior conviction vacated and current criminal case dismissed, and damages.

3

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did

4

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### A. Availability of a *Bivens* Claim

The MOSC explained the very limited availability of a *Bivens* cause of action. Ultimately, it comes down to whether the claims at issue differ meaningfully from "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary [based on her gender]; and a claim against prison officials for failure to

treat an inmate's asthma [resulting in his death]." *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1860, 198 L.Ed.2d 290 (2017). If the claims are meaningfully different, the Court must determine whether there are special factors weighing against extending a *Bivens* remedy to the claims.

The MOSC found that Plaintiff's claim based on inadequate healthcare was an appropriate *Bivens* claim but that his other claims were not. While Plaintiff attempted to rename and reformulate his conditions of confinement and retaliation claims in the Amended Complaint, they still do not correspond to any of the three approved *Bivens* claims. Furthermore, the Court finds that the same special factors described in the MOSC weigh against extending a *Bivens* remedy to Plaintiff's additional claims.

A *Bivens* damages remedy "is not an automatic entitlement ... and in most instances we have found a *Bivens* remedy unjustified." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). The Court concludes there is no legal basis to recognize a federal claim for damages against the defendants based upon Plaintiff's allegations in Counts II and III of the Amended Complaint. Therefore, Counts II and III are dismissed for failure to state a claim.

## B.  Deliberate Indifference to Medical Needs Claim

The MOSC found that while Plaintiff may have the *Bivens* remedy available for his medical claim, his claim has other problems. The Court determined that Plaintiff has difficulty with both the objective and subjective prongs of the deliberate indifference analysis.

The Complaint asserted without supporting documentation that Plaintiff has been diagnosed with high blood pressure and anxiety and was taking medication for both prior to his arrival at USPL. However, as explained in the MOSC, neither condition automatically qualifies as a "serious medical need." Both conditions encompass a spectrum of seriousness. Plaintiff continues to include no factual allegations about his blood pressure readings beyond stating he has

6

"high" blood pressure. He also continues to fail to include anything more than conclusory allegations about *possible* effects of high blood pressure. The Court is instructed to "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012). Plaintiff has not plausibly alleged that his blood pressure or his anxiety were serious medical needs, that they created a substantial risk of serious harm that a defendant disregarded, or that Plaintiff's claim involves more than a difference of opinion as to a diagnosis or proper treatment.

Plaintiff's claim of inadequate medical care (Count I) is dismissed for failure to state a claim.

## C.  No Physical Injury

The MOSC found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff failed to allege an actual physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Amended Complaint also does not allege that Plaintiff suffered physical injury, meaning his request for compensatory damages is barred.

## IV. CONCLUSION

For the reasons described above, the Amended Complaint does not cure the deficiencies in the initial Complaint, deficiencies the Court in the MOSC concluded rendered this matter subject to dismissal in its entirety. Accordingly, the Court will dismiss this matter for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated October 17, 2023, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE